**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **P.O. and J.M.**

**No. 25-372** (Cabell County CC-06-2024-JA-20 and CC-06-2024-JA-26)

**MEMORANDUM DECISION**

Petitioner Mother E.D.[1] appeals the Circuit Court of Cabell County's May 13, 2025, order terminating her parental rights to P.O. and J.M., arguing that termination was not the least restrictive dispositional alternative.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In February 2024, the DHS filed a petition alleging that the petitioner abused and neglected the children. Despite providing the petitioner with in-home services from February 2023 to February 2024, the DHS alleged that both children had numerous unexcused absences and engaged in sexualized behaviors at school, threatened to rape their classmates and touched them inappropriately, and made homicidal and suicidal comments at home and at school. The DHS further alleged that J.M. took a knife to school and reported to a Child Protective Services ("CPS") worker that he did so to "gut the bullies." The children also had in-school therapy sessions and individualized education plans that were not being effectuated due to their numerous absences. The DHS further alleged that in January 2024, the petitioner admitted to a CPS worker that she began using methamphetamine and engaging in physical fights with her live-in girlfriend. Thus, the DHS alleged that the petitioner abused and neglected the children by abusing illegal drugs to the detriment of her children's health and safety, failing to address her mental health issues, failing to address the children's mental health issues, failing to provide safe and adequate living conditions, and failing to ensure that the children received appropriate educational services.

In April 2024, the court held an adjudicatory hearing at which the petitioner stipulated to actively abusing drugs to a degree as to pose imminent risk to her minor children, failing to address her mental health issues, and failing to provide the children with safe and adequate living conditions. Thus, the court adjudicated the petitioner of neglecting the children and granted her

---

[1] The petitioner appears by counsel Paula L. Harbour. The West Virginia Department of Human Services ("DHS") appears by Attorney General John B. McCuskey and Assistant Attorney General Heather Olcott. Counsel Moriah N. Myers appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

motion for a six-month post-adjudicatory improvement period.[3] Shortly thereafter, the petitioner participated in a forensic psychological evaluation that concluded her prognosis for improved parenting was poor due to her continued drug use throughout the proceeding, years of unemployment, reliance on others for her basic needs, minimization of the issues for which she was adjudicated, and a tendency to blame others.

In March 2025, the court held a dispositional hearing at which the petitioner admitted that she was noncompliant with the terms of her improvement period. Specifically, the petitioner testified that she used drugs, failed to drug screen, and failed to attend weekly meetings with her service provider whom she had not seen since December 2024. She further admitted that she relapsed on methamphetamine on February 19, 2025. A DHS worker testified to the year of services provided to the petitioner before the abuse and neglect petition was filed but explained that the petitioner was noncompliant and that there were no additional services that could benefit her. The worker testified that the DHS recommended termination of the petitioner's parental rights, noting the children's need for permanency. In the resulting order, the court found that the petitioner failed to participate in services, prematurely left drug treatment, and relapsed on methamphetamine as recently as one month prior to disposition. The court further found that the petitioner did not substantially comply with the terms of her case plan and failed to remedy the circumstances of neglect on her own or with the DHS's help. Thus, the court concluded that there was no reasonable likelihood that the conditions of neglect could be substantially corrected in the near future. The court also found that termination was necessary for the children's welfare. Accordingly, the court terminated the petitioner's parental rights. It is from this order that the petitioner appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred by terminating her parental rights without employing a less restrictive alternative. However, "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604] that conditions of neglect or abuse can be substantially corrected" and when necessary for the welfare of the child. Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)); *see also* W. Va. Code § 49-4-604(c)(6) (permitting circuit courts to terminate parental rights upon finding no reasonable likelihood conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare). "'No reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that, based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." *Id.* § 604(d). There is no such likelihood when a parent has "not responded to or followed through with a reasonable family case

---

[3] The terms and conditions of the petitioner's improvement period are not apparent from the record.

[4] P.O.'s father's parental rights were also terminated, and the child's permanency plan is adoption in the current placement. J.M. was reunited with his nonabusing father.

2

plan or other rehabilitative efforts." *Id.* § 604(d)(3). Here, the circuit court found that the petitioner did not resolve the issues of neglect even with the benefit of extensive services and did not comply with her case plan. Critically, the court found that she continued to abuse drugs throughout the proceedings and did not successfully complete any treatment program despite one of the main issues being her substance abuse. Accordingly, the court did not err, and the petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 13, 2025, order is hereby affirmed.

Affirmed.

**ISSUED**: March 24, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

3